1  JENNER & BLOCK LLP
   Kenneth K. Lee (Cal. Bar No. 264296)
2  klee@jenner.com
   L. David Russell (Cal. Bar No. 260043)
3  drussell@jenner.com
   633 West 5th Street, Suite 3600
4  Los Angeles, CA 90071
   Telephone:   (213) 239-5172
5  Facsimile:   (213) 239-5182

6

7  Attorneys for Defendant
   Mondelēz International Inc.,
8  d/b/a/ Nabisco

9

10            IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  MONIQUE MANCHOUCK, as an individual,        No. 3:13-cv-02148-WHA
    and on behalf of all others similarly situated,
14                                              **DEFENDANT'S REQUEST FOR JUDICIAL**
15                 Plaintiff,                   **NOTICE IN SUPPORT OF MOTION TO**
                                                **DISMISS COMPLAINT**
16         v.
                                                Judge:        Honorable William Alsup
17  MONDELĒZ INTERNATIONAL INC.,                Hearing Date: September 5, 2013
    d/b/a NABISCO,                              Time:         8:00 a.m.
18                                              Courtroom:    8
                   Defendant.
19

20

21

22

23

24

25

26

27

28

## REQUEST FOR JUDICIAL NOTICE

### I.      INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Mondelēz International Inc., d/b/a/ Nabisco ("Nabisco") respectfully requests that the Court take judicial notice of the following two documents in support of its concurrently-filed Motion to Dismiss Complaint:

**Exhibit 1**: Images of the packaging used for Nabisco's Strawberry Newton cookies; and

**Exhibit 2**: Images of the packaging used for Nabisco's Raspberry Newton cookies.

### II.      ANALYSIS

The Court should take judicial notice of Exhibits 1 and 2, which contain images of packaging for the products challenged in Plaintiff's complaint.   Rule 201(b) of the Federal Rules of Evidence authorizes courts to take judicial notice of facts that are "not subject to reasonable dispute" and that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).   Neither party can reasonably dispute the authenticity of the product packaging, considering Plaintiff purports to challenge statements on this very packaging.

In addition, in evaluating a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure, "courts may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (incorporating by reference documents submitted by defendant in motion to dismiss); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (considering "evidence on which the complaint 'necessarily relies,'" that was not physically attached to the complaint) (citation omitted).   Plaintiff's complaint — which is premised entirely on allegations that representations on the products' packaging are supposedly false or misleading — "necessarily relies" upon that packaging.  *See also Wright v. Gen. Mills, Inc.*, No. 08-1532, 2009 WL 3247148, at *4-5 (S.D. Cal. Sept. 30, 2009) (taking judicial notice of and incorporating by reference product labels and packaging items that served as the basis for the allegations in plaintiff's complaint).

A matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).   In determining whether a food product package is likely to

deceive a reasonable consumer, a court should look at the entire packaging in context, and "[t]he primary evidence is . . . the advertising itself." *Arizona Cartridge Re-mfgs. Ass'n, Inc. v. Lexmark Int'l, Inc.*, 290 F. Supp. 2d 1034, 1041 (N.D. Cal. 2003).  If the facts appearing in the actual advertisement contradict those averred in the complaint, the advertisement takes precedence.  *See Dodd v. Citizens Bank of Costa Mesa*, 222 Cal. App. 3d 1624, 1627 (1990).

It is therefore proper for the Court to consider Exhibits 1 and 2, which accurately portray the packaging of the Newton cookies at issue in this case.  *See McKinniss v. Gen. Mills, Inc.*, No. 07-2521, 2007 WL 4762172, at *2-3 (C.D. Cal. Sept. 18, 2007) (taking judicial notice of packaging submitted by defendant).

**III.     CONCLUSION**

Nabisco respectfully requests that the Court take judicial notice of Exhibits 1 and 2, and consider those exhibits in connection with the concurrently-filed Motion to Dismiss Complaint.


Dated:  July 19, 2013                                    JENNER & BLOCK LLP


                                                  By: /s/ Kenneth K. Lee
                                                       Kenneth K. Lee
                                                       Attorneys for Defendant Mondelēz
                                                       International Inc., d/b/a/ Nabisco

**EXHIBIT 1**



**EXHIBIT 2**

