1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Benjamin M. Lopatin, Esq.
Cal. Bar No.: 281730
*lopatin@hwrlawoffice.com*
**THE LAW OFFICES OF**
**HOWARD W. RUBINSTEIN, P.A.**
One Embarcadero Center, Suite 500
San Francisco, CA 94111
(800) 436-6437
(415) 692-6607 (fax)

Attorney for Plaintiff, MONIQUE MANCHOUCK
and the Proposed Class

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| **MONIQUE MANCHOUCK,** as an individual, and on behalf of all others similarly situated, | : Civil Case No.: 3:13-cv-02148-WHA<br>:<br>: **FIRST AMENDED CLASS ACTION**<br>: **COMPLAINT FOR:** |
| *Plaintiff,* | : 1.  Violations of Cal. Bus. & Prof. C. §§ 17200,<br>:       *et seq.* (Unfair & Fraudulent Business<br>:       Practices); |
| *vs.* | : 2.  Violations of Cal. Bus. & Prof. C. §§ 17200,<br>:       *et seq.* (Unlawful Business Practices);<br>: 3.  Violations of Cal. Bus. & Prof. C. §§ 17500,<br>:       *et seq.*; |
| **MONDELEZ INTERNATIONAL, INC.,** d/b/a **NABISCO** an Illinois corporation, | : 4.  Violations of Cal. Civ. C. §§ 1750, *et seq.*;<br>: |
| *Defendants.* | : *California Class Representation*<br>:<br>: *Jury Trial Requested* |

Plaintiff, MONIQUE MANCHOUCK, individually and on behalf of all others similarly

situated, by and through her undersigned counsel, and pursuant to *Federal Rule of Civil Procedure*

15(a)(1)(B), hereby files this First Amended Class Action Complaint against Defendant,

MONDELEZ INTERNATIONAL, INC., d/b/a NABISCO (collectively "NABISCO" or

"Defendant"), by alleging as follows:

# I. INTRODUCTION

1.     Mondelez International, Inc. is the owner, manufacturer, advertiser, and seller of a line of snack foods commonly known as "Nabisco."

2.     One of Nabisco's product lines are its Newtons snack foods, including Strawberry Newtons and Raspberry Newtons (collectively, the "Product").

3.     The Product claims on the front of its packaging that it is "made with real fruit." However, the Product merely contains a small amount of processed fruit puree.  As a result, the statement "made with real fruit" is likely to deceive reasonable consumers because fruit puree is processed, and therefore not equivalent to real fruit.

4.     For example, a reasonable consumer expects chocolate chip cookies that claim to be 'made with real chocolate' to contain actual chocolate chips, not a chocolate puree.  Likewise, a reasonable consumer expects a strawberry or raspberry snack food that claims it is "made with real fruit" to contain actual strawberries or raspberries, rather than strawberry puree or raspberry puree that has been mechanically processed.

5.     Thus, the "made with real fruit" statement on the front packaging for the Product is false and/or misleading because a reasonable consumer would not interpret fruit puree as being "real fruit."

6.     A lawful, accurate statement regarding the Product is that it is "made with fruit puree," which would no longer be misleading to a reasonable consumer.

7.     Whether the Product is made with fruit puree rather than "made with real fruit" is something reasonable consumers would find important in making their purchase because a fruit puree has been mechanically processed while real fruit is not.

8.     Indeed, a reasonable consumer would expect a food item advertised as "made with real fruit" to actually contain real fruit, and not fruit puree.

9.     The labeling and advertising for the Product was designed to encourage consumers to purchase the Product with the belief that the Product is made with real strawberries and real raspberries, respectively—when in fact—the Product contains mechanically processed fruit puree, which, to a reasonable consumer, is not "real fruit."

10.     Therefore, Defendant's misleading "made with real fruit" statement is likely to deceive reasonable consumers, like Plaintiff and the Class into purchasing the Product, and as a result, suffering economic injury.

## II. <u>JURISDICTION AND VENUE</u>

11.     This Court has jurisdiction over the subject matter presented by this First Amended Class Action Complaint because it is a class action arising under 28 U.S.C. § 1332(d), which, under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2).  In addition, Plaintiff is a citizen of California, and NABISCO can be considered a citizen of Illinois. Therefore, diversity of citizenship exists under CAFA, as required by 28 U.S.C. § 1332(d)(2)(A).

12.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and Plaintiff

purchased the subject product of this action in this judicial district. The **"Declaration of Benjamin M. Lopatin, Esq., Pursuant to Civil Code §1780(c) of the Consumer Legal Remedies Act, Civil Code §§1750 et seq."** regarding venue under the California Consumer Legal Remedies Act ("CLRA") was filed with the original Complaint, and is fully incorporated herein by reference.

## III. PARTIES

13.     Plaintiff is an individual more than 18 years old, and is a citizen of California, who resides in the city of Dublin, County of Alameda.  Plaintiff respectfully requests a jury trial on her damage claims.

14.     Defendant Mondelez International, Inc., d/b/a NABISCO ("NABISCO") is an Illinois corporation with its principal place of business located at 3 Parkway North, Deerfield, Illinois 60015.  Nabisco can be considered a "citizen" of Illinois.  Defendant Nabisco promoted and marketed the Product at issue in this jurisdiction and in this judicial district.

15.     The unfair, unlawful, deceptive, and misleading advertising and labeling for the Product relied upon by Plaintiff was prepared and/or approved by NABISCO and its agents, and was disseminated by NABISCO and its agents through labeling and advertising containing the misrepresentations alleged herein.

16.     At all times relevant herein, NABISCO and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of NABISCO, and at all times relevant herein, each was acting within the purpose and scope of that agency and employment. Plaintiff further alleges on information and belief that at all times relevant herein, the distributors and retailers who delivered and sold the Product, as well as their respective employees, also were NABISCO's agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

17.     Additionally, Plaintiff alleges that, in committing the wrongful acts alleged herein, NABISCO, in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Product by means of misleading, deceptive and unfair representations, and that NABISCO participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

18.     Whenever reference in this First Amended Class Action Complaint is made to any act by NABISCO or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of NABISCO committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of NABISCO while actively engaged in the scope of their duties.

## IV. <u>FACTUAL ALLEGATIONS</u>

19.     The labeling of the Product with the statement "Made with Real Fruit" is likely to deceive Plaintiff and other reasonable consumers because the Product is not "made with real fruit." Instead, the Product merely contains processed fruit puree, which is not "real fruit."

20.     The following is a list of the Strawberry Newton product ingredients, listed in order of prevalence:

a.  HIGH FRUCTOSE CORN SYRUP

b.  UNBLEACHED ENRICHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE {VITAMIN B1}, RIBOFLAVIN {VITAMIN B2}, FOLIC ACID)

c.  SUGAR

    d.  CORN SYRUP

    e.  STRAWBERRY PUREE

    f.  SOYBEAN OIL

    g.  APPLE POWDER

    h.  MODIFIED CORN STARCH

    i.  TAPIOCA STARCH

    j.  PARTIALLY HYDROGENATED COTTONSEED OIL

    k.  WHEY (FROM MILK)

    l.  SALT

    m.  PECTIN

    n.  NATURAL AND ARTIFICIAL FLAVOR

    o.  BAKING SODA

    p.  SOY LECITHIN

    q.  SODIUM BENZOATE ADDED TO PRESERVE FRESHNESS

    r.  CITRIC ACID

    s.  CARAMEL COLOR

    t.  ARTIFICIAL COLOR (RED 40)

    u.  CONTAINS: WHEAT, MILK, SOY

21.    The following is a list of the Raspberry Newton product ingredients, listed in order of prevalence:

    a.  HIGH FRUCTOSE CORN SYRUP

b.  ENRICHED   FLOUR   (WHEAT   FLOUR,   NIACIN,   REDUCED   IRON, THIAMINE MONONITRATE [VITAMIN B1], RIBOFLAVIN [VITAMIN B2], FOLIC ACID)

c.  SUGAR

d.  CORN SYRUP

e.  RASPBERRY PUREE

f.   SOYBEAN OIL

g.  APPLE POWDER

h.  MODIFIED CORNSTARCH

i.  PARTIALLY HYDROGENATED COTTONSEED OIL

j.  TAPIOCA STARCH

k.  WHEY (FROM MILK)

l.  NATURAL AND ARTIFICIAL FLAVOR

m. SALT

n.  PECTIN

o.  CITRIC ACID

p.  BAKING SODA

q.  SOY LECITHIN (EMULSIFIER)

r.  CARAMEL COLOR

s.  SODIUM BENZOATE ADDED TO PRESERVE FRESHNESS

t.  RED 40

u.  CONTAINS: WHEAT, MILK, SOY

22.     As shown above, the Product's main ingredient is corn syrup and does not contain any real fruit; rather, the Product contains insignificant amounts of processed strawberry puree and processed raspberry puree.

23.     It is well-settled that manufacturers cannot deceive consumers through a representation on the front packaging of a product and then rely on the ingredient list to allegedly correct those misrepresentations, as this would provide an unwarranted shield for liability for the deceptive statement.

### Identical California and Federal Laws Regulate Food Labeling

24.     Food manufacturers are required to comply with federal and state laws and regulations governing the labeling of food Product. First and foremost among these is the Federal Food, Drug, and Cosmetic Act (FDCA) and its labeling regulations, including those set forth in 21 C.F.R. 101.

25.     California and federal law have placed similar requirements on food companies that are designed to ensure that the claims companies are making about their Product to consumers are truthful and accurate.

26.     Pursuant to California's Sherman Food, Drug & Cosmetic Law (the "Sherman Act"), California has expressly adopted the federal labeling requirements as its own and indicated that "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food regulations of this state." *California Health & Safety Code* §§ 110100, *et seq.*

27.     In addition to its blanket adoption of federal labeling requirements, California has also enacted various laws and regulations that adopt and incorporate specific enumerated federal food laws and regulations. For example, food Product are misbranded under section 110660 of

the *California Health & Safety Code* if their labeling is false and misleading in one or more particulars.

28.    Similarly, under FDCA section 403(a), a food is "misbranded" if "its labeling is false or misleading in any particular," or if it fails to contain certain information on its label or its labeling.  21 U.S.C. § 343(a).

29.    Therefore, the California claims alleged herein are parallel to the FDCA.

**Defendant's Material Misrepresentation**

30.    Defendant has unfairly, unlawfully, deceptively, and misleadingly represented that the Product is "made with real fruit," on the front of the Product's packaging, next to a picture of the real fruit (strawberries and raspberries, respectively), misleadingly suggesting the real fruit is in the Product, when the Product merely contains a small amount of processed fruit puree.

31.    Thus, the Product is not "made with real fruit" because it merely contains mechanically processed fruit puree, which is not "real fruit."

32.    The misleading "made with real fruit" statement regarding the Product is likely to deceive reasonable consumers.

33.    Reasonable consumers, such as the Plaintiff and members of the Class, interpret "made with real fruit" to mean that the Product contains real fruit, and not merely mechanically processed fruit puree, which is not "real fruit."

34.    As a result of Defendant's misrepresentation, Plaintiff purchased the Product instead of other similar products that did not make the "made with real fruit" statement.  Plaintiff paid a price premium for the Product over other similar products that do not claim to be "made with real fruit."

**Plaintiff's Purchase of the Product**

35.     Plaintiff purchased Strawberry Newtons and Raspberry Newtons, from a Safeway supermarket located in California and within this judicial district, during October of 2012.  In purchasing the Product, Plaintiff saw, read, and relied on the labeling and advertising for it displayed on the front packaging, namely that the Product is "made with real fruit."  Plaintiff interpreted the statement "made with real fruit" to mean the Product contains real fruit—not merely mechanically processed fruit puree, which is not "real fruit."

36.     Plaintiff has been economically damaged by her purchase of the Product because the labeling and advertising for the Product is unfair, fraudulent, unlawful, deceptive and misleading under California law.

37.     Therefore, the Product is worth less than what Plaintiff paid for it and/or Plaintiff did not receive what she reasonably intended to receive.

38.     Plaintiff would not have purchased the Product if she had known that it only contains processed fruit puree and not real fruit, or she would not have paid the price premium she did for the Product if it had not claimed to be "made with real fruit."

39.     Defendant's claim that the Product is "made with real fruit" is a material misrepresentation that is likely to deceive reasonable consumers, such as Plaintiff and the Class, thereby resulting in economic damages.

40.     Consequently, Plaintiff is bringing this class action for injunctive relief, restitution, and damages against NABISCO for unfair, unlawful, deceptive, and misleading advertising in violation of California's Unfair Competition Act ("UCL") *Business & Professions Code* §§ 17200, *et seq.*, California's False Advertising Law ("FAL") *Business & Professions Code* §§

17500, *et seq.*, and California's Consumer Legal Remedies Act ("CLRA"), *Civil Code* §§ 1750, *et seq.*

## V. CLASS ALEGATIONS

41. Plaintiff re-alleges and incorporates by reference the allegations set forth *supra* in this First Amended Class Action Complaint.

42. Plaintiff brings this class action individually and on behalf of all others similarly situated. The Class which Plaintiff seeks to represent is:

> **All California persons who have purchased, for personal use, Nabisco's Strawberry Newtons or Nabisco's Raspberry Newtons, that claim to be "made with real fruit" since May 1, 2009.**

Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff. Plaintiff reserves the right to amend the Class definition if further information and discovery indicates that the Class definition should be narrowed, expanded or otherwise modified.

43. This action is maintainable as a class action under Rule 23(a) and (b)(3) of the *Federal Rules of Civil Procedure*.

44. **Numerosity**: The Class comprises many thousands of persons throughout the State of California. The class is so numerous that joinder of all members is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court.

45.     **Commonality:**   The questions of law and fact common to the Class have the capacity to generate common answers that will drive resolution of this action. Common questions of law and fact include, but are not limited to, the following:

    a.  Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product in California were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

    b.  Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product in California were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. Code §§ 17500, *et seq.*;

    c.  Whether Defendant violated Cal. Civ. Code §§ 1750, *et seq.* with its practices and representations related to the marketing, labeling and sales of the Product within California; and,

    d.  Whether Defendant's conduct as set forth above injured consumers and if so, the extent of the injury.

46.     **Typicality:**   Plaintiff's claims, and Defendant's defenses thereto, are typical of the claims of the Class, as the representations made by Defendant are consistent and uniform and are contained in the advertisements and labels that every member of the Class was necessarily exposed to in purchasing the Product uniformly claiming to be "made with real fruit." Thus, there exists a presumption that all Class members relied upon said uniform and consistent advertising and representations to their detriment. Additionally, all members of the Class have the same or

similar injury (loss of purchase price) based on Defendant's false and misleading marketing and advertising.

47.  **Adequacy:** Plaintiff does not have any conflicts with any other members of the Class, and will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

48.  **Predominance:** As set forth in detail herein, common issues of fact and law predominate because all of Plaintiff's UCL, FAL and CLRA claims are based on a uniform, false and misleading advertising message which all class members were necessarily exposed to, namely "made with real fruit."

49.  **Superiority:**  A class action is superior to other available methods for fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for Class members to prosecute their claims individually. Absent a class action, Defendant will likely retain the benefits of its wrongdoing.  Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains. The trial and litigation of Plaintiff's claims are manageable.  Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the court system.  The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.  The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that

would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## VI. FIRST CAUSE OF ACTION:
### UNFAIR AND FRAUDULENT BUSINESS PRACTICES
### IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*
### (By Plaintiff and the Proposed Class Against Defendant)

50.     Plaintiff re-alleges and incorporates by reference the allegations set forth *supra* in this First Amended Class Action Complaint.

51.     This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to the "unfair" and "fraudulent" prongs of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which provide that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

52.     In its marketing and advertising, Defendant makes false and misleading statements regarding the uses and benefits of the Product.

53.     The misrepresentations by Defendant are material facts and constitute an unfair and fraudulent business practice within the meaning of *Business & Professions Code* § 17200, *et seq.*

54.     Defendant's business practices, as alleged herein, are unfair and fraudulent because: (1) the injury to the consumer is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) consumers could not reasonably have avoided the information because Defendant intentionally mislead the consuming public by means of the claims made with respect to the Product as set forth herein.

55.     Defendant's business practices as alleged herein are fraudulent because they are likely to deceive customers into believing that the Product has uses and benefits that it does not have.

56.     In addition, Defendant's use of various forms of advertising media to market, call attention to, or give publicity to the sale of goods or merchandise, which are not as represented in any manner, constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of *Business & Professions Code* § 17200, *et seq*.

57.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant is marketing and selling the Product in a manner likely to deceive the public.

58.     Defendant has peddled, and continues to peddle, its misrepresentations through the Product's packaging.

59.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

60.     As alleged hereinabove, Plaintiff has suffered economic injury in fact and has lost money or property as a result of Defendant's "made with real fruit" misrepresentation.

61.     Plaintiff purchased the Product that represented it was "made with real fruit." However, the Product merely contains processed fruit puree, which is not real fruit.  As a result, Plaintiff and members of the Class suffered economic injury.

62.     Therefore, the Product's statement is misleading and likely to deceive reasonable consumers who read and rely upon the material representation on the front labeling of the Product that it is "made with real fruit."

63.     Reasonable consumers, such as the Plaintiff and members of the Class, interpret "made with real fruit" to mean that it contains real fruit, and not just processed fruit puree.

64.     Plaintiff and the putative class members were misled into purchasing the Product by Defendant's deceptive conduct.

65.     The "made with real fruit" misrepresentations and omissions are uniform and material.

66.     Pursuant to *Business & Professions Code* § 17203, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its unfair and fraudulent practice of advertising the sale and use of the Product. Likewise, Plaintiff and the members of the Class seek an order requiring Defendant to cease labeling the Product as "made with real fruit." Plaintiff also requests an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's false and misleading representations.

### VII. SECOND CAUSE OF ACTION:
### UNLAWFUL BUSINESS PRACTICES
### IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*
### (By Plaintiff and the Proposed Class Against Defendant)

67.     Plaintiff re-alleges and incorporates by reference the allegations set forth *supra* in this First Amended Class Action Complaint.

68.     This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to the "unlawful" prong of the Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act

prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

69.     Plaintiff's second cause of action is brought pursuant to the unlawful prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL").   Under California law, a food product that is misbranded cannot legally be manufactured, advertised, distributed, held or sold. A misbranded product cannot be legally sold or possessed, has no economic value and is legally worthless.

70.     In its marketing and advertising, Defendant makes false and misleading statements regarding the uses and benefits of the Product.

71.     Defendant's business practices, as alleged herein, are unlawful because: (1) it is violating sections 1770(a)(5), 1770(a)(7), 1770(a)(9) and 1770(a)(16) of the CLRA, *Civil Code* § 1750, *et seq.*; and (2) it is violating *Business & Professions Code* § 17500.

72.     Plaintiff purchased the Product that represented it was "made with real fruit." However, the Product merely contains processed fruit puree, which is not real fruit.  As a result, Plaintiff and members of the Class suffered economic injury.

73.     Therefore, the Product's statement is misleading and likely to deceive reasonable consumers who read and rely upon the material representation on the front labeling of the Product that it is "made with real fruit."

74.     Reasonable consumers, such as the Plaintiff and members of the Class, interpret "made with real fruit" to mean that it contains real fruit, and not just processed fruit puree.

75.     Plaintiff and the putative class members were misled into purchasing the Product by Defendant's deceptive conduct.

76.     The "made with real fruit" misrepresentations and omissions are uniform and material and constitute an unlawful business practice.

77.     Pursuant to *Business & Professions Code* § 17203, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of the Product.  Likewise, Plaintiff and the members of the Class seek an order requiring Defendant to cease claiming that the Product is "made with real fruit," and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations.

## VIII. THIRD CAUSE OF ACTION:
### FALSE AND MISLEADING ADVERTISING IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17500 *ET SEQ.*
#### (By Plaintiff and the Proposed Class Against Defendant)

78.     Plaintiff re-alleges and incorporates by reference the allegations set forth *supra* in this First Amended Class Action Complaint.

79.     This cause of action is brought pursuant to *Business & Professions Code* §§ 17500, *et seq*.

80.     *Business & Professions Code* § 17500 provides that it is unlawful for any person or corporation, or any employee thereof "with intent directly or indirectly to dispose of real or personal property ... or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any

statement, concerning that real or personal property... or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading..."

81.     In its advertising and labeling of the Product, Defendant makes false and misleading statements that the Product are "made with real fruit."

82.     Defendant engaged in the deceptive conduct alleged above, which included deceptive and untrue representations regarding the Product, made to induce the public to purchase the Product.

83.     In its marketing and advertising, Defendant makes knowingly false and misleading statements regarding the ingredients, characteristics, uses and benefits of the Product.

84.     Defendant is aware that the claims that it makes about the Product are false and misleading.

85.     In addition, Defendant's use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of *Business & Professions Code* §§ 17500, *et seq*.

86.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

87.     Plaintiff and the putative class members were misled into purchasing the Product by Defendant's deceptive conduct as alleged hereinabove.

88.     Plaintiff purchased the Product that represented it was "made with real fruit." However, the Product merely contains processed fruit puree, which is not real fruit.  As a result, Plaintiff and members of the Class suffered economic injury.

89.     Therefore, the Product's statement is misleading and likely to deceive reasonable consumers who read and rely upon the material representation on the front labeling of the Product that it is "made with real fruit."

90.     Reasonable consumers, such as the Plaintiff and members of the Class, interpret "made with real fruit" to mean that it contains real fruit, and not just processed fruit puree.

91.     Plaintiff and the putative class members were misled into purchasing the Product by Defendant's deceptive conduct.

92.     The "made with real fruit" misrepresentations and omissions are uniform and material.

93.     Pursuant to *Business & Professions Code* §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of the Product claiming to be "made with real fruit."  Plaintiff also requests an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's false and misleading representations.

### IX. FOURTH CAUSE OF ACTION
### FOR VIOLATIONS OF CAL. CIV. CODE §§ 1750 *ET SEQ.*
### (By Plaintiff and the Proposed Class Against Defendant)

94.     Plaintiff re-alleges and incorporates by reference the allegations set forth above, and incorporates the same as if set forth at length.

95.     Plaintiff re-alleges and incorporates by reference the allegations set forth *supra* in this First Amended Class Action Complaint.

96.     This cause of action is brought pursuant to Cal. Civ. Code §§ 1750 *et seq.*, on behalf of herself and the Class.

97.     Plaintiff is an individual who purchased the Product for personal, family or household purposes.

98.     The purchase of the Product by Plaintiff and California purchasers of the Product were and are "transactions" within the meaning of Civil Code §1761(e).

99.     Defendant's marketing, labeling and advertising and sales of the Product within California, that misleadingly claim to be "made with real fruit," violated the CLRA in at least the following respects as set forth in detail above:

> a.   In violation of Civil Code §1770(a)(5), Defendant represented that the Product has characteristics, ingredients, uses, and benefits which it does not have;
>
> b.   In violation of Civil Code §1770(a)(7), Defendant represented that the Product is of a particular standard, quality, or grade, which it is not.
>
> c.   In violation of Civil Code §1770(a)(9), Defendant advertised the Product with an intent not to sell the Product as advertised; and,
>
> d.   In violation of Civil Code §1770(a)(16), Defendant represented that the subject of the sale of the Product has been supplied in accordance with a previous representation when it has not.

100.    Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of same.

101.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA since Defendant is still representing that the Product has characteristics and abilities which it does not have, and has thus injured Plaintiff and the Class.

102.    Plaintiff and other members of the putative Class have suffered injury in fact and have lost money as a result of Defendant's false representations.

103.    Plaintiff purchased the Product that represented it was "made with real fruit." However, the Product merely contains processed fruit puree, which is not real fruit.  As a result, Plaintiff and members of the Class suffered economic injury.

104.    Therefore, the Product's statement is misleading and likely to deceive reasonable consumers who read and rely upon the material representation on the front labeling of the Product that it is "made with real fruit."

105.    Reasonable consumers, such as the Plaintiff and members of the Class, interpret "made with real fruit" to mean that it contains real fruit, and not just processed fruit puree.

106.    Plaintiff and the putative class members were misled into purchasing the Product by Defendant's deceptive conduct.  The "made with real fruit" misrepresentations and omissions are uniform and material.

107.    Plaintiff seeks an award of restitution and actual, statutory, and punitive damages in accordance with *Civil Code* § 1782(a) & (d).  Pursuant to *Civil Code* § 1782, Plaintiff notified Defendant on or about January 29, 2013 of the alleged violations of section 1770 and demanded corrective behavior.  Defendant failed to agree to the requested relief.

108.    In any event, Plaintiff seeks economic damages and is entitled to equitable relief in the form of an order requiring Defendant to make full restitution to California purchasers of the Product of all monies wrongfully obtained as a result of the conduct described above.

109.    Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of the Product claiming to be "made with real fruit."  Plaintiff also requests an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's false and misleading representations.

## X. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, MONIQUE MANCHOUCK, individually, and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this First Amended Class Action Complaint as follows:

1.    For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating her attorneys Class Counsel;

2.    For an award of equitable relief as follows:

(a)    Enjoining Defendant from making any claims for the Product found to violate the UCL, FAL, or CLRA as set forth above; and

(b)    Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this First Amended Class Action Complaint.

3.    For an award of attorney's fees pursuant to, *inter alia*, §1780(d) of the CLRA and Code of Civil Procedure §1021.5.

4.    For actual damages in an amount to be determined at trial.

5.      For actual, statutory, and punitive damages as may be provided for by statute for violations of the CLRA, because the demanded corrections failed to take place within the thirty (30) day notice period.

6.      Costs of this suit;

7.      Pre- and post-judgment interest on any amounts awarded; and

8.      Providing such further relief as may be just and proper.

## XI. DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

**Respectfully Submitted,**

**Dated:  August 2, 2013**          By:      /s/  Benjamin M. Lopatin
                                              Benjamin M. Lopatin, Esq.
                                              Cal. Bar No.: 281730
                                              *lopatin@hwrlawoffice.com*
                                              **THE LAW OFFICES OF
                                              HOWARD W. RUBINSTEIN, P.A.**
                                              One Embarcadero Center, Suite 500
                                              San Francisco, CA 94111
                                              (800) 436-6437
                                              (415) 692-6607 (fax)

                                              *Attorneys for Plaintiff MONIQUE
                                              MANCHOUCK and the Proposed Class*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **2nd day of August, 2013**, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF.  I also certify under penalty of perjury under the laws of the United States of America that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/   Benjamin M. Lopatin
Benjamin M. Lopatin