Benjamin M. Lopatin, Esq.
Cal. Bar No.: 281730
*lopatin@hwrlawoffice.com*
**THE LAW OFFICES OF
HOWARD W. RUBINSTEIN, P.A.**
One Embarcadero Center
Suite 500
San Francisco, CA 94111
(800) 436-6437
(415) 692-6607 (fax)

Attorney for Plaintiff, Monique Manchouck
and the Proposed Class

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **MONIQUE MANCHOUCK,** as an individual, and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> *vs.* <br><br> **MONDELEZ INTERNATIONAL, INC.**, d/b/a **NABISCO** an Illinois corporation <br> *Defendant.* | Civil No.: 3:13-cv-02148-WHA <br><br> JUDGE: THE HON. WILLIAM H. ALSUP <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Date:  September 26, 2013 <br> Time:  8:00 a.m. <br> Courtroom: 8 <br> Judge: The Honorable William H. Alsup <br><br> Original Complaint Filed:  May 9, 2013 |

Plaintiff, MONIQUE MANCHOUCK, individually, and on behalf of all others similarly situated, by and through her undersigned counsel, and pursuant to this Honorable Court's Order Granting Plaintiff's Motion for Leave to File Untimely Response in Opposition to Defendant's Motion to Dismiss First Amended Complaint (Dkt. 28), hereby files this Response in Opposition to Defendant's Motion to Dismiss the First Amended Complaint, by stating the following:

*Response in Opposition to Defendant's
Motion to Dismiss the First Amended Complaint*
Page 1 of 10

**INTRODUCTION**

The crux of this case is that Defendant's "made with real fruit" statement is false, misleading, and likely to deceive reasonable consumers because the products at issue are not made with real fruit and/or do not contain real fruit.

Plaintiff's four causes of action alleged in the First Amended Complaint (Dkt. 17) ("FAC") are all based on the "made with real fruit" statement. Plaintiff has sufficiently pleaded plausible facts to establish the requisite elements for the causes of action alleged in the FAC, listed as follows: (1) Unfair and Fraudulent Business Practices in violation of California's Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200, *et seq.* ("UCL"); (2) Unlawful Business Practices in violation of UCL; (3) Violation of California's False Advertising Law, CAL. BUS. & PROF. CODE §§ 17500, *et seq.*; and (4) Violations of California's Consumer Legal Remedies Act, CAL. CIV. CODE §§ 1750, *et seq.* ("CLRA").

Defendant filed the pending Motion to Dismiss the FAC on August 16, 2013 (Dkt. 24) ("Motion to Dismiss"), stating that the issues to be decided are: (1) "Whether the statement 'made with real fruit' found on the packaging of Newtons cookies is likely to deceive a reasonable consumer  because the fruit in the cookies is in pureed form;" and (2) Whether Plaintiff lacks Article III standing because she did not suffer an injury-in-fact in purchasing and consuming Newton cookies without suffering any physical harm."  Motion to Dismiss, at ii.

However, Defendant is incorrect on both issues.  First, whether the "made with real fruit" statement is likely to deceive a reasonable consumer is an objective standard based on the facts, thus inappropriate for decision on a Motion to Dismiss.  Moreover, at this stage of the proceedings all plausible allegations in the FAC are to be taken as true, and because Plaintiff has alleged the "made with real fruit" statement is false, misleading, and likely to deceive reasonable consumers,

*Response in Opposition to Defendant's*
*Motion to Dismiss the First Amended Complaint*
Page 2 of 10

Defendant's argument otherwise is unavailing.  Second, Plaintiff has Article III standing because Plaintiff has alleged economic damages, which is a classic form of injury in fact.

As a result, Defendant's Motion to Dismiss should be denied in its entirety.

**FACTUAL SUMMARY**

The crux of this case is that the "made with real fruit" statement is false, misleading, and likely to deceive reasonable consumers because the Product is not made with real fruit and/or does not contain real fruit.  (*Id.* at ¶¶ 3, 5, 19–22.)   Defendant manufacturers, advertises, markets, and sells a brand of snack foods known as "Newtons."   (FAC ¶ 1.)   At issue in this case are its "Strawberry Newtons" and "Raspberry Newtons" (collectively, the "Product"), which uniformly claim on the front packaging to be "made with real fruit." (*Id.* at ¶¶ 1–3.)   Rather, the Product contains a small amount of "fruit puree" that is heavily and primarily processed with high fructose corn syrup, along with sugar, chemical additives and preservatives.  (*Id.* at ¶¶ 3, 20–22.)

Plaintiff and members of the putative Class relied on Defendant's "made with real fruit" statement in making their purchase of the Product.   (*Id.* at ¶¶ 10, 35.)   "The labeling and advertising for the Product was designed to encourage consumers to purchase the Product with the belief that the Product is made with real strawberries and real raspberries." (*Id.* at ¶ 9.)

"Plaintiff has been economically damaged by her purchase of the Product because the labeling and advertising for the Product is unfair, fraudulent, unlawful, deceptive and misleading under California law." (*Id.* at 36.)  The Product is worthless to Plaintiff because she would not have purchased the Product if she had known it is not "made with real fruit," or alternatively, Plaintiff "would not have paid the price premium she did for the Product if it had not claimed to be "made with real fruit." (*See id.* at ¶¶ 37–39.)

Whether the Product is "made with real fruit" or "fruit puree" is a material fact that reasonable consumers, like the Plaintiff and members of the putative Class, find important in making their purchase decision. (*Id.* at ¶¶ 7, 39.) Reasonable consumers, like Plaintiff and members of the putative Class, do not interpret "fruit puree" as being equivalent to "real fruit." (*Id.* at ¶ 5.) Specifically, a reasonable consumer expects a food item advertised as "made with real fruit" to actually contain real fruit, rather than a small amount of highly processed "fruit puree," primarily consisting of unhealthy high fructose corn syrup and sugar. (*Id.* at ¶¶ 3, 5, 8, 19–22.)

Therefore, because Plaintiff has adequately alleged facts giving rise to the causes of action in her FAC, Defendant's Motion to Dismiss should be denied in its entirety.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the causes of action asserted in a complaint. *See, e.g. Ashcroft v. Iqbal,* 556 U.S. 662 (2009) Dismissal is proper *only* where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1988); *see also Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Courts must accept all plausible allegations as true and determine whether the pleading contains "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft*, 556 U.S. at 663-64 (2009) (citing FED. R. CIV. P. 8(a)(2)); *see also Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).

In addition, pursuant to Federal Rule of Civil Procedure 8(a), a complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Likewise, The United States Supreme Court has advised that "a well-pleaded

complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*quoting Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). Courts have even held a presumption exists against dismissing pleadings for failure to state a claim. *See Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997); *Hill v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986).

In the alternative, if a complaint is determined to be insufficient in any regard, leave to amend should be freely granted in the interests of justice. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## ARGUMENT

Defendant's Motion to Dismiss should be denied. Defendant's false and misleading "made with real fruit" statement on the Product is likely to deceive reasonable consumers because the Product does not contain real fruit, but instead contains highly processed "fruit puree," primarily consisting of high fructose corn syrup and sugar. As a result, Plaintiff members of the putative Class suffered economic damages due to their reliance on the Product's material "made with real fruit" statement when purchasing the Product. Because Plaintiff has properly pleaded the facts and causes of action in the FAC, Defendant's Motion to Dismiss should be denied.

### Plaintiff Has Properly Pleaded That The "Made with Real Fruit" Statement Is Likely to Deceive Reasonable Consumers

The Ninth Circuit has upheld causes of action and facts similar to those alleged in the FAC. *See Williams v. Gerber Prods. Co.*, 523 F.3d 934 (9th Cir. Cal. 2008). In *Williams*, the plaintiff "challenged a statement on the side panel of the packaging describing the product [fruit juice snacks] as ***made with real fruit*** juice and other all natural ingredients, even though the two

*Response in Opposition to Defendant's*
*Motion to Dismiss the First Amended Complaint*
Page 5 of 10

most prominent ingredients were corn syrup and sugar." *Id.* at 936 (emphasis added) (internal quotations omitted). The court held that the plaintiff had pleaded a viable "claim and could plausibly prove that a reasonable consumer would be deceived by the [made with real fruit statement on the] Snacks packaging." *See id.* at 940. The Ninth Circuit also found that "reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging. We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception." *Id.*

Furthermore, the Northern District of California has followed the Ninth Circuit's reasoning in *Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097, 1104 (N.D. Cal. 2012), which concerned the statement, "made with real fruit" in conjunction with a snack food product. The plaintiff in *Lam* alleged that "the challenged [made with real fruit] statements, along with the depiction of imitation fruit leather on the packaging, are likely to deceive consumers into thinking the Fruit Snacks are healthful, natural, pressed-and-dried fruit products, when, in fact, they are an amalgamation of artificial, non-fruit ingredients." *Id.* The defendant argued "that the statement 'made with real fruit' is objectively true and that a reasonable consumer would not interpret the statement to mean that certain fruits were present in a particular quantity or that a specific fruit was present in the product." *Id.* Rejecting the defendant's argument, the court held:

> A reasonable consumer might make certain assumptions about the type and quantity of fruit in the Fruit Snacks based on the statement "made with real fruit," along with other statements prominently featured on the products' packaging. For example, the statement "made with real fruit" appears in large and colorful letters on the side panel of the packaging of strawberry Fruit Roll-Ups. Additionally, the word "strawberry" appears in large letters on the

> front, back, top, and bottom panels. Taken together, these statements might lead a reasonable consumer to believe that product is made with real strawberries, not pears from concentrate. The names "Fruit Roll-Ups" and "Fruit by the Foot," along with the fanciful depiction of the products, which resemble fruit leather, may lead to further confusion about the Fruit Snacks' ingredients. After seeing these prominent aspects of the packaging, a reasonable consumer might be surprised to learn that a substantial portion of each serving of the Fruit Snacks consists of partially hydrogenated oil and sugars. It is true that General Mills lists the ingredients of the Fruit Snacks in small print on the bottom of the side panel. However, at the pleading stage, the Court cannot conclude that a reasonable consumer should be expected to look beyond "made with real fruit" in order to discover the truth in the small print.

*Id.*

However, in following the principals established by the Ninth Circuit in *Williams v. Gerber*, The Honorable Judge Samuel Conti denied the defendant's "motion to dismiss with respect to [the plaintiff's] UCL, CLRA, and FAL claims [and stated that] [t]hese claims may proceed to the extent they are predicated on the statement 'made with real fruit.'" *Id.*

Applicably, the statements and causes of action alleged in the Plaintiff's FAC are similar to those in *Williams* and *Lam*, where the "made with real fruit" statement was found to be sufficiently pleaded to withstand a motion to dismiss.  Like in *Williams* and *Lam*, Plaintiff here has alleged that the "made with real fruit" statement is false, misleading, and likely to deceive reasonable consumers because the Product is not made with real fruit and/or does not contain real fruit.  Instead, the Product contains a small amount of "fruit puree" that is heavily and primarily processed with high fructose corn syrup, along with sugar, chemical additives and preservatives, which is simply not equivalent to "real fruit." As a result, Plaintiff has properly pleaded the causes of action in the FAC, and as such, Defendant's Motion to Dismiss should be denied.

In addition, in *Peviani v. Natural Balance, Inc.*, the Southern District of California held a

plaintiff properly alleged consumer protection claims, including reliance and injury in fact, at the motion to dismiss stage.  774 F. Supp. 2d 1066, 1070–72 (S.D. Cal. Feb 24, 2011).  The court stated that the plaintiff's allegations of economic injury caused by the defendant's deceptive labeling is "a classic form of injury in fact."  *Id.* at 1071 (citing *Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 322 (2011)).  The court concluded that the plaintiff properly alleged that the damages were caused when the plaintiff purchased the product after reading and relying on false and misleading labeling.  *Id.* (citing *Laster v. T-Mobile USA, Inc.,* 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005)).

In addition, a plaintiff may plead reliance by demonstrating that "'in all reasonable probability' he would not have engaged in the injury-producing conduct" absent the misrepresentations and omissions.  *See In Re Facebook PPC Advertising Litigation*, 709 F. Supp. 2d 762, 771 (N.D. Cal. Apr. 22, 2010) (quoting *Tobacco II*, 46 Cal. 4th at 326).  "Actual reliance for the purpose of fraud by omission occurs only when the plaintiff reposes confidence in the material completeness of the defendant's representations, and acts upon this confidence." *Starbucks Corp. v. Superior Court*, 168 Cal. App. 4th 1436, 1447 (Cal. App. 4th Dist. 2008) (internal quotations omitted).

Applicably, Plaintiff has pleaded that she read and relied on Defendant's "made with real fruit" statements related to the Product, which caused Plaintiff to purchase the Product and suffer economic damages.  Thus, when Plaintiff's allegations in support of reliance on Defendant's misrepresentation is sufficiently alleged.  Therefore, Defendant's Motion to Dismiss should be denied.

## Plaintiff Has Standing Because She Properly Pleaded Injury In Fact

Plaintiff has Article III standing because, in addition to injunctive relief, Plaintiff has

adequately alleged that she suffered economic damages, which is a "classic form of injury in fact." *Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 323 (2011) ("Notably, lost money or property—economic injury—is itself a classic form of injury in fact"). Despite Defendant's argument to the contrary, a plaintiff does not need to suffer physical harm to allege that he or she suffered an injury in fact. *See id.*

Here, Plaintiff suffered economic damages as a result of purchasing the Product falsely and misleadingly labeled, "made with real fruit," which she would not have purchased had she known it does not contain "real fruit," but instead contains "fruit puree" heavily and primarily processed with high fructose corn syrup, along with sugar, chemical additives and preservatives. Therefore, Plaintiff has adequately alleged standing.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court enter an Order denying Defendant's Motion to Dismiss First Amended Complaint, and for all other relief this deemed just, appropriate, or proper.

Alternatively, in the event this Honorable Court dismisses any of Plaintiff's claims, Plaintiff respectfully requests it be without prejudice and with leave to amend. FED. R. CIV. P. 15(a)(2) (A "court should freely give leave [to amend] when justice so requires"); s*ee also Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962); *Breier v. Northern California Bowling Proprietors' Ass'n,* 316 F.2d 787, 790 (9th Cir. 1963) ("Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect").

Respectfully Submitted,

Dated: September 18, 2013

By: /s/   Benjamin M. Lopatin
Benjamin M. Lopatin, Esq.
Cal. Bar No.: 281730
*lopatin@hwrlawoffice.com*
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN, P.A.
One Embarcadero Center, Suite 500
San Francisco, CA 94111
(800) 436-6437
(415) 692-6607 (fax)

*Attorneys for Plaintiff Monique Manchouck
and the Proposed Class*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of September, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/*  Benjamin M. Lopatin
Benjamin M. Lopatin, Esq.

*Response in Opposition to Defendant's
Motion to Dismiss the First Amended Complaint*
Page 10 of 10