IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE MANCHOUCK, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONDELĒZ INTERNATIONAL INC., a/b/a NABISCO,<br><br>Defendant. | No. C 13-02148 WHA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

## INTRODUCTION

In this putative consumer class action, defendant moves to dismiss for lack of Article III standing and for failure to state a claim under Rule 12(b)(6). For the following reasons, the motion is **GRANTED WITHOUT LEAVE TO AMEND**. Defendant's request for judicial notice is **GRANTED**.

## STATEMENT

Plaintiff Monique Manchouck is a resident of California who purchased strawberry and raspberry Newton cookies made by defendant Mondeléz International Inc., d/b/a Nabisco, from a supermarket located within this judicial district. In purchasing the products, plaintiff saw, read and relied on the labeling and advertising displayed on the front packaging, namely that the products were "made with real fruit." Plaintiff interpreted the statement "made with real fruit" to mean that the products "contain[ed] real fruit — not merely mechanically processed fruit purée, which is not 'real fruit'" (First Amd. Compl. ¶ 9). The complaint alleges that plaintiff was economically damaged because she either would not have purchased, or would not have paid a

1  "premium price," had she known that it only contained processed fruit purée and not real fruit.
2  The packaging statement, "made with real fruit," is a material misrepresentation that is likely to
3  deceive reasonable consumers, such as plaintiff and the class, thereby resulting in economic
4  damages (*id.* at ¶ 38–39).

5   Plaintiff commenced this action against Nabisco, on behalf of herself and others similarly
6  situated for violations of the California Business and Professions Code in May 2013.  On August
7  2, plaintiff amended her complaint, alleging four claims for relief:  (1) unfair and fraudulent
8  business practices; (2) unlawful business practices; (3) false and misleading advertising; and (4)
9  violations of Section 1750 of the California Civil Code.  Plaintiff seeks injunctive relief,
10 disgorgement, restitution, actual and punitive damages, and attorney's fees and costs (*id.* at ¶
11 23–24).

12  Defendant Nabisco filed a motion to dismiss all claims, arguing that the complaint has not
13 plausibly alleged why the statement "made with real fruit" is likely to deceive a reasonable
14 consumer, and because plaintiff does not have Article III standing, as she did not suffer an injury-
15 in-fact (Dkt. No. 24).  Defendant also requested judicial notice of images of the packaging used for
16 Nabisco's strawberry and raspberry Newtons (Dkt. No. 25).  Plaintiff failed to file a timely
17 response by August 30.  On September 17, however, plaintiff moved to file an untimely response
18 due to a clerical error and the request was granted (Dkt. No. 27).  On September 18, plaintiff filed
19 her response and defendant filed its reply on September 23.  A hearing was then held.

20                                                         **ANALYSIS**

21  To survive a motion to dismiss, a complaint must contain sufficient factual matter,
22 accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S.
23 662, 663 (2009).  A claim is facially plausible when there are sufficient factual allegations to draw
24 a reasonable inference that the defendant is liable for the misconduct alleged.  While a court "must
25 take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal
26 conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
27 (2007).  Where a motion to dismiss is granted, a district court should provide leave to amend
28 unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul*

*Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

### 1. PLAINTIFF SUFFERED AN INJURY-IN-FACT.

Defendant argues that the amended complaint must be dismissed because plaintiff cannot plausibly allege an actual injury from purchasing the products. Specifically, defendant argues that the alleged injury suffered by plaintiff is "not real" because plaintiff "consumed the Newton cookies without physical injury" (Reply Br. 10). Physical harm, however, is not the sole measurement of injury-in-fact.

Here, the complaint alleges that plaintiff paid a "price premium" because the product claimed to be "made with real fruit." Plaintiff would not have purchased the two products at that price point absent the alleged misstatements (First Amd. Comp. ¶ 38). This order, therefore, finds that plaintiff has met the injury-in-fact requirement for standing under Article III. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 316 (2011).

### 2. PLAINTIFF'S FAILURE TO STATE A CLAIM.

Defendant argues that the complaint must be dismissed as a matter of law because plaintiff has not plausibly alleged why a reasonable consumer would believe a puréed fruit is not a "real fruit" (Br. at 2).

While a court deciding a motion to dismiss must take a complaint's well-pleaded factual allegations as true, it also must determine, relying on its "judicial experience and common sense," whether those allegations amount to a "plausible" claim. *Iqbal*, 129 S. Ct. at 1950. Section 17500 of the California Business and Professions Code prohibit any "unfair, deceptive, untrue, or misleading advertising." Plaintiff's claims for relief are governed by the "reasonable consumer" test. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). Unless the advertisement targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer. *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 506–07 (2003). Under the reasonable person standard, plaintiff must show that "members of the public are likely to be deceived." *Freeman*, 68 F.3d at 289. The California Supreme Court has recognized "that these laws prohibit not only advertising which is false, but also advertising which, although true, is

3

either actually misleading or which has the capacity, likelihood or tendency to deceive or confuse the public." *Leoni v. State Bar*, 39 Cal.3d 609, 626 (1985).

The complaint alleges that defendant made false advertising claims by using the words "made with real fruit," in the advertising of its strawberry and raspberry Newtons. The fact that the cookies merely contain "a small amount of processed fruit purée," is likely to "deceive a reasonable consumer because fruit purée is processed, and therefore not equivalent to real fruit" (First Amen. Compl. ¶ 3). According to the complaint, a reasonable consumer would expect a strawberry or raspberry snack food that claims it is "made with real fruit" to "contain actual strawberries or raspberries, rather than strawberry purée or raspberry purée that has been mechanically processed" (*id*. at ¶ 4). Plaintiff contends that a lawful, accurate statement regarding the product that would not mislead a consumer is that it is "made with fruit purée" (*id*. at ¶ 6).

Plaintiff has not met Iqbal's plausibility requirement. Plaintiff has not plausibly alleged why the statement "made with real fruit" would not include mechanically separated fruit purée. This order agrees with the numerous decisions that have dismissed similar food labeling claims at the pleading stage. Where, for example, a plaintiff challenged the use of the word "apple" in the name of an Apple Straws product that contained puréed apples and "veggies" in a product made primarily of potatoes, the claim was rejected. *Sensible Foods, LLC v. World Gourmet, Inc*., No. 11-2819, 2012 U.S. Dist. LEXIS 21446, at *17–18 (N.D. Cal. Feb. 21, 2012) (Judge Samuel Conti). The court held that, "it strains the boundaries of the English language — to say that products made primarily of potatoes are not made of potatoes. . . or that the words 'veggies' and 'apples,' when used to describe products containing veggies and apples, are 'literal falsities.' " *Ibid.*

Where a plaintiff alleged that a package of dip labeled with the statement, "with garden vegetables" was misleading because it was likely to deceive a reasonable consumer, the claim was rejected. *Henderson v. Gruma Corporation*, No. 10-4173, 2011 WL 1362188, at *1 (C.D. Cal. Apr. 11, 2011) (Judge A. Howard Matz). The court held that a product that contained avocado powder, dehydrated onion, garlic powder, and bell pepper was unlikely to deceive a reasonable consumer because the product "does in fact contain vegetables that can be grown in a garden."

4

*Id.* at *12.

Where some plaintiffs alleged deceptive advertising in the sale of crackers where the packaging read: "made with real vegetables," the claim was rejected. *Red v. Kraft*, No. 10-1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (Judge George H. Wu). The district court held that, "plaintiffs' theory of the case is that the packaging suggests the product is healthy and contains a significant amount of vegetables because the packaging boasts that the crackers are made with real vegetables and depicts vegetables. The fact remains that the product is a box of crackers, and a reasonable consumer will be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables." *Ibid.*

Here, the complaint alleges that a reasonable consumer would think that Newtons "made with real fruit," exclude fruit purée. This strains credibility. *First*, the complaint does not dispute that the cookies contain real fruits in purée form (Compl. ¶¶ 20, 21, 31). *Second*, even the most narrow definition of "real fruit" does not exclude fruit that has been strained or blended into puréed form. *Purée Definition*, American Heritage Dictionary (5th ed. 2011). *Third*, the packaging that said, "made with real fruit," also prominently displays a depiction of the cookies' puréed fruit filling (Nabisco Exh. 1, 2). *Fourth*, the amended complaint admits that the list of ingredients on the packaging serves notice to consumers that the products contain, "Raspberry Purée" and "Strawberry Purée" respectively (First Amen. Comp. ¶¶ 20–21). The complaint has failed to allege why real strawberries and raspberries in their puréed form are no longer "real fruit." It is ridiculous to say that consumers would expect snack food "made with real fruit" to contain only "actual strawberries or raspberries," rather than these fruits in a form amenable to being squeezed inside a Newton.

Plaintiff's reliance on *Williams v. Gerber* is inapposite because that action involved an affirmative misrepresentation. The packaging of the "fruit juice snacks" in *Williams* contained pictures of different fruits not actually contained in the product. *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008). Similarly, in another decision cited by plaintiff, *Lam*, the court found that packaging claiming that the product was "made with real strawberries," was an affirmative misrepresentation when it, in fact, did not actually contain strawberries. *Lam v. Gen.*

5

*Mills, Inc.*, 859 F. Supp. 2d 1097, 1104 (N.D. Cal. 2012) (Judge Samuel Conti). Unlike *Williams* and *Lam*, Nabisco's Newtons do contain the fruits depicted and described on the front of the packaging. Thus, plaintiff's complaint is distinguishable from these actions in that it does not concern an affirmative misrepresentation.

### 3. JUDICIAL NOTICE.

Nabisco requests judicial notice be taken of the following: (1) images of the packaging used for Nabisco's strawberry Newton cookies; (2) images of the packaging used for Nabisco's raspberry Newton cookies. Plaintiff's request to file an untimely response to the motion to dismiss states that she does not object (Dkt. No. 27 at 2). Defendant's request for judicial notice is **GRANTED**, as the contents of these documents are "not subject to reasonable dispute," and are incorporated into the amended complaint by reference. FRE 201.

## CONCLUSION

For the foregoing reasons, plaintiff's first amended complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. Defendant's request for judicial notice is **GRANTED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 26, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE